IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Winfrey Architectural Concrete, Inc.,

        Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

        Defendant.

---

**COMPLAINT**

---

The Plaintiff, Winfrey Architectural Concrete, Inc., by and through its attorneys, Ted H. Merriam and Kevin A. Planegger of the Merriam Law Firm, P.C., hereby appeals the Notice of Determination issued by the Rocky Mountain Appeals Office of the Internal Revenue Service on August 23, 2006, and alleges as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1. This is an action to appeal the Notice of Determination Concerning [IRS] Collection Action(s) Under Section 6320 and/or 6330 ("Notice of Determination") issued by the Rocky Mountain Appeals Office of the Internal Revenue Service on August 23, 2006. A copy of the Notice of Determination is attached as Exhibit A, and is incorporated by this reference.

2. The Plaintiff, Winfrey Architectural Concrete, Inc., is a Colorado corporation; the company has suspended operations but its

principal place of business had been in Weld County, Colorado, since the company was incorporated in 1992.

3. The United States of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

4. This action arises under the Internal Revenue Service Restructuring and Reform Act of 1998, P.L. 105-206; this Court has jurisdiction pursuant to 26 U.S.C. § 6330(d).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because Winfrey Architectural Concrete, Inc. is a resident of this judicial district, and the Rocky Mountain Appeals Office of the Internal Revenue Service in Denver, Colorado issued the subject determination.

## II. CLAIM FOR RELIEF

6. Due to extraordinary circumstances beyond its control, Winfrey Architectural Concrete, Inc. became delinquent in Form 941 employment taxes for multiple periods, including the periods ending December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, March 31, 2004, June 30, 2004, September 30, 2004 and December 31, 2004. Plaintiff also became delinquent in Form 940 unemployment taxes for the 2002, 2003 and 2004 periods. The employment and unemployment tax liabilities included substantial penalties and interest.

7. As a result of the company's failure to timely pay its employment and unemployment tax liabilities for the specific

periods set forth in the above paragraph, the IRS issued a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (Letter 1058) ("Notice") on June 3, 2005. The Notice informed the Plaintiff of the government's intent to levy under section 6331 of the Internal Revenue Code.

    8. The Notice also informed the Plaintiff that a hearing could be requested by submitting Form 12153, Request for Collection Due Process Hearing, within 30 days from the date of the Notice.

    9. The Plaintiff filed a timely request for a Collection Due Process Hearing on June 13, 2005.

    10. A Collection Due Process Hearing ("Hearing") was held on February 15, 2006.

    11. During the period before and after the Collection Due Process Hearing, the IRS revenue officer assigned to the case pursued enforced collection with respect to tax delinquencies (prior periods) not specifically at issue in the Hearing.

    12. During the Hearing and in subsequent conversations, Plaintiff's representatives and the IRS Appeals Settlement Officer discussed possible alternatives to enforced collection.

    13. The IRS Appeals Settlement Officer initially suggested that the Plaintiff consider submitting a discharge application for the equipment that had been sold to another entity. Plaintiff agreed to consider a discharge application as a way to settle the case without further enforced collection.

    14. As is detailed in the Notice of Determination, the IRS Appeals Settlement Officer called the revenue officer assigned to

the case to advise her about the possible discharge application. In the words of the Appeals Settlement Officer, "[the revenue officer] was not real enthusiastic about this action." (Page 4 of enclosure to Notice of Determination).

15. After his conversation with the revenue officer, the Appeals Settlement Officer no longer considered the discharge application as a possible comprehensive solution to this case.

16. Plaintiff's proposal to obtain a loan for a significant partial payment of the outstanding tax liabilities was (as admitted by the Appeals Settlement Officer) "killed" by the revenue officer's continued enforced collection for periods not at issue in the Hearing. (Page 5 of enclosure to Notice of Determination).

17. The Appeals Settlement Officer was not impartial in this case and failed to provide a fair hearing as required by section 6330 of the Internal Revenue Code. Instead, collection proposals and decisions were dictated by the IRS revenue officer assigned to the case.

18. Section 6330 of the Internal Revenue Code directs the Appeals Settlement Officer to balance "the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action is no more intrusive than necessary." The IRS Appeals Officer abused his discretion by ceding authority over the case to the IRS revenue officer, and thereby sustaining the proposed levy action in this case.

19. The Notice of Determination is statutorily defective in that it does not provide a complete explanation of, or

justification for, the Appeals Settlement Officer's decision to proceed with the most intrusive collection action.

### III.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that:

A.  The Court find that the Appeals Settlement Officer was not impartial and did not conduct a fair hearing, and remand the case for another Collection Due Process Hearing;

B.  The Court find that the Appeals Settlement Officer abused his discretion by sustaining enforced collection action against the Plaintiff;

C.  The Court determine that less intrusive methods of collection are available; and

D.  The Court grant such other and further relief as the Court deems just and proper.

DATED: September 22, 2006

                                Respectfully submitted,

                                <u>S/Ted H. Merriam</u>
                                Ted H. Merriam

                                <u>S/Kevin A. Planegger</u>
                                Kevin A. Planegger

                                MERRIAM LAW FIRM, P.C.
                                1625 Broadway, Suite 770
                                Denver, CO  80202
                                Telephone: (303) 592-5404
                                Fax: (303) 592-5439
                                E-mail: TMerriam@taxlaw2848.com
                                Attorney for Plaintiff


<u>Address of Plaintiff</u>
Winfrey Architectural Concrete, Inc.
4784 Weld County Road 12
Weld, CO 80514