**Internal Revenue Service**  
Appeals Office  
1244 Speer Blvd.  
Suite 400  
Denver, CO 80204  

**RECEIVED**  
AUG 2 4 2006  
THM, PC  

Date: AUG 2 3 2006

WINFREY ARCHITECTURAL CONCRETE, INC  
4784 WELD COUNTY ROAD 12  
WELD CO 80514  

**Department of the Treasury**

**Person to Contact:**  
Michael Jeka  
Employee ID Number: 84-01426  
Tel: (303) 844-2894  
Fax: (303) 844-5949  
**Refer Reply to:**  
AP:FW:DEN:MRJ  
**SSN/EIN Number:**  
84-1336059  
**Tax Type/Form Number:**  
941 / Employment; F 940 / Unemployment**  
**In Re:**  
Collection Due Process Hearing (District Court)  
**Tax Period(s) Ended:**  
12/31/2002  03/31/2003  06/30/2003  
09/30/2003  
03/31/2004  06/30/2004  09/30/2004  
12/31/2004  
** 2002, 2003, 2004

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Winfrey Architectural Concrete, Inc:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).


EXHIBIT A

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
Appeals shall sustain the proposed collection action.

Sincerely,

Gary Easley
Appeals Team Manager

Enclosure:
cc: Ted Merriam

Winfrey Architectual Concrete, Inc.
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer



## ENCLOSURE TO NOTICE OF DETERMINATION

### IRC SECTION, TYPE OF TAX, PERIODS

There are two Collection Due Process (CDP) issues in this request:
1. IRC §6330: CDP/LEVY – Form 941, Employer's Quarterly Tax Return for the quarters ending December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004 and Form 940, Federal Unemployment Tax Return for the years 2002, 2003 and 2004.
2. IRC §6330:EH/LEVY – Form 941, Employer's Quarterly Tax Return for the quarters ending September 30, 1998, September 30, 1999, June 30, 2001, June 30, 2002 and September 30, 2002.

### SUMMARY AND RECOMMENDATION

The taxpayer is technically out of business, but the Revenue Officer has filed a Nominee lien and levy against Reliance Precast LLC, operated by Audre Porterfield, identified as the "friend" Robley Winfrey II, president of Winfrey Architecture. The nominee lien and levy were approved by IRS District Counsel and the RO proceeded with immediate levy/collection action. The officers, Robley Winfrey II and his son Andrew Winfrey were each assessed the Trust Fund Recovery Penalty (TFRP). As part of Andrew's CDP matter, he was attempting to borrow against some property with the hope to full pay his TFRP liability. It was then proposed that this corporation would submit an OIC for the balance. But further collection action by the RO on the nominee matter ended Andrew's chances of a loan. Therefore, the POA decided to proceed with a wrongful levy action suit against the IRS in the nominee matter and requested that the NOD be issued in this matter.

### VERIFICATION OF LEGAL AND PROCEDURAL REQUIREMENTS

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

1. The assessments in question are based on returns filed by the taxpayer.

2. IRS Records shows that the assessments were properly made.

3. IRS Records reflect that notice and demand was issued to the last known address as required under IRC § 6303.

4. There was a balance due at the time the Collection Due Process Notice was issued as required by IRC Section 6322 and 6331(a)

5. The IRS through its notices provided an opportunity for the taxpayer to pay the balance due voluntarily, but the taxpayer did not.

6. In anticipation of levy action, IRS Collection issued Letter 1058 (L 1058)/ LT-11 as required under IRC § 6331(d).

The notice required under IRC §6331(d) is Letter 1058 (L1058) / LT-11. Under Number 1 above, it is dated June 3, 2005 and reflects liability for the above periods. Under Number 2 above, the final notice for the F 941 for September 30, 1998 is dated September 4, 2001 and for the other periods it is dated March 12, 2003.

There is one request, Form 12153 Request for Collection Due Process (CDP) Hearing, in the administrative file encompassing all periods listed under Numbers 1 and 2. The F 12153 request is postmarked June 13, 2005. Under number 1 above, this is a timely request and the taxpayer has a right to judicial review. Under Number 2 above, the request is not timely and therefore the taxpayer was given an Equivalent Hearing (EH) and is not entitled to judicial review. The taxpayer was advised in the hearing letter and the actual hearing that it may appeal this timely determination.

Appeals Settlement Officer Michael R. Jeka has no independent knowledge or prior involvement with this taxpayer.

## DISCUSSION AND ANALYSIS, ISSUE(S) RAISED

**Issue(s) Raised**

The request has been submitted under IRC §6330 opposing the proposed collection/levy action. The taxpayer is a corporation, Winfrey Architectural Concrete, Inc. The primary officer is Robley Winfrey.

The taxpayer was previously represented by POA Brian Huebsch, but he revoked his POA status with a letter faxed to the Revenue Officer (RO) on October 17, 2005. But in his CDP request letter he stated that the taxpayer filed Chapter 11 bankruptcy ( no date given) but ceased all business operations in February, 2005 with the bankruptcy being dismissed on or about March 22, 2005. The taxpayer was supposed to be in the process of determining what assets remain after the bankruptcy and which creditors may have priority over the IRS. Once this determination was completed, the taxpayer planned to proposed a collection alternative – either a voluntary sale of remaining assets with proceeds to be paid directly to IRS or submission of an Offer in Compromise (OIC).

On Form 12253A, Referral Request for Collection Due Process (CDP) Hearing, the RO states that a L 1058 was originally issued in August, 2001 for other periods and the taxpayer proposed an installment agreement (IA) which was rejected because the taxpayer

Winfrey Architectual Concrete, Inc.
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

was not current and the CIS indicated that the taxpayer could full pay; also the taxpayer was long time repeater.

The taxpayer in October, 2001 filed a Collection Appeals Program (CAP) for the denial of the proposed IA. The RO Group Manager denied the CAP. In the CAP appeal, Appeals gave the taxpayer an IA in November, 2001. The taxpayer defaulted on this IA in February, 2002; the RO & GM gave the taxpayer another IA in July, 2002. In September, 2002 the taxpayer defaulted the second IA. Then in March, 2003 the first L 1058 was issued. The taxpayer filed Chapter 11 bankruptcy on May 5, 2003. The financial statement (F 433B) dated May, 2003 shows that there was approximately of $133,000.00 with no encumbrances. In mid April, 2005 the bankruptcy was dismissed and the RO states that there was some implication by the bankruptcy judge that the assets should be seized by the IRS since the taxpayer had sent up a new business entity, which was now claiming ownership of the taxpayer's assets. During the last week of April, 2005 the Colorado Department of Revenue seized the taxpayer's assets and three days later the taxpayer full paid the state tax liability (approximately $30,000.00)

The RO states further that the taxpayer now owes about $960,000.00 and is using the new business entity as a nominee to hold the equipment and inventory. The RO has requested from IRS District Counsel permission to file a nominee lien and perform a nominee seizure inthe name of the new entity and the name of the landlord.

The RO learned from the bankruptcy trustee, Jim Marty, that the taxpayer has been operating at a loss for years due to underbidding of work. The taxpayer over-reported its accounts receivable (A/R), paid large salaries to officers and paid other compensation to them, plus their personal friend Jay Rasplicka. Mr. Marty discovered all this after the bankruptcy was dismissed.

A telephone hearing was scheduled for Monday, February 6, 2006 at 9:00 a.m., but later changed to an office hearing with POA Ted Merriam on February 15, 2006. He is thoroughly familiar with the CDP process and did not need any explanation. I did advise of periods involved. POA Ted Merriam provided the following facts:

1. The taxpayer/business is out of business; it tried CH 11 bankruptcy but failed.
2. POA wanted to know what the basis of the nominee assessment is?
3. And for the supposedly new corporation – Reliance Concrete - how is this to be resolved?
4. On 10/18/05 there were levies on the F 941 for the 4th quarter, 1998 and 1st quarter, 1999; these were not on the CDP periods; these levies did not full pay these periods.
5. The RO obtained a statement from R K Cochran who is the landlord of the business property. He said that the assets of the corporation are really not his as the taxpayer/officer claims; the taxpayer/officers claim the business leased the equipment from Cochran. Cockran told the RO that this is not true and she obtained a statement from him about this.

Winfrey Architectual Concrete, Inc.
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

POA submitted a copy of this statement in which Cochran crossed out the incriminating statement. I said that this does not mean that he is not admitting to this. If this were the case, why didn't he write this on the statement. POA provided no answer. POA Merriam is claiming that the taxpayer does not own any of the equipment. He claims that a former rentor by the last name of Kilpatrick, actually left on the equipment on the property and that is how Cochran came into possession of the equipment and leased it to Winfrey. I asked him why does the file contain all the UCC statements on all this equipment in Winfrey's name? He did not have any good explanation of this. He asked me for copies of all these statements. I said that I would have to check with Disclosure to see what I can give him.

A F 433B was submitted In April, 2003; the taxpayer filed Ch 11 May, 2003; a 2nd plan was approved January, 2004 at $8,000.00 to $9,000.00 per month plus 1/2 the profits. Andrew Winfrey gave up his stock in the corporation as part of this whole plan. I asked POA Merriam if he looked at the bankruptcy petition, it should have listed the assts? He said no. We talked round and round about possible resolutions. POA thought he just might pursue a wrongful levy lawsuit. I suggested that the taxpayer/officers might consider a discharge of the equipment; meet with RO Korb and make a determination of all the existing equipment and then submit a discharge. If it is not approved, then he can still proceed with the wrongful levy.

After all the talk, he agreed to consider the discharge. I advised him that I will advise the RO to make arrangements with him to meet to review the assets using as a basis the UCC statements, etc. We set February 22 as date to submit possible discharge.

Per POA's permission I called RO Korb and I advised her of the hearing and my discussion with POA Merriam about possible discharge. She was not real enthusiastic about this action. I advised her that this is not the final resolution just the beginning to make a determination of the corporation's assets which have been a prime issue. She claimed all assets were taken over by Reliance – this is what the taxpayer is disputing. I advised her that if the taxpayer does submit a discharge this certainly should be an admission of ownership. She was concerned about the A/R and said that she would discuss the matter with her manager.

In a later discussion with POA Merriam I advised him of my conversation with RO Korb. I advised him that the discharge might not be the total solution to the matter, there still is the problem of the A/R, which the RO wants to continue to levy on since the nominee lien holds Reliance as the surrogate for Winfrey. The only way to stop the whole process is to end Reliance. I suggested that it might be necessary for the sale and discharge to be done to a real 3rd party, not Andrew Winfrey or another family member, since Andrew is so tied to Reliance. The problem is the sale will have to be a perfectly legitimate sale to a non-involved 3rd party. POA said that this raise other problems. I suggested that maybe the only way to resolve this is just issue the NOD and let the taxpayer go to court and/or proceed with the POA's original plan to file a suit for wrongful levy. He said that he will

Winfrey Architectual Concrete, Inc.
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

be meeting with Reliance officer on March 15 and would call me after their meeting to discuss resolution.

I spoke to POA Merriam on March 29 when he was in office on another case. He said that he spoke to the new owner of Reliance, Audrey Porterfield. There does not seem to be much that they want to do. Selling the business does not seem to be an option. Merriam was concerned with RO Korb's continued levying of A/R. He wants to know how to end the Nominee and how resolve this. I said that I had previously talked to District Counsel Mike Lloyd who handled the Nominee and would email him with questions.

On April 25, 2006 I spoke to RO Korb; she talked to POA Merriam and suggested that he do an OIC on the matter. There was some discussion as to who would submit the OIC, TP and/or Reliance Concrete. I never did receive any response from District Counsel Lloyd on his thoughts about resolution of the matter.

I called POA Merriam and he reiterated what RO KOrb suggested, i.e., that the taxpayer submit an OIC, but he said she suggested as an amount, the same amount oration has to be the TFRP plus what can be collected from the corporation. If the RO suggested just TFRP, this would sort of be admitting that there are no assets of taxpayer, which has not been the position through this matter since she has been trying to proceed with collection on the Nominee.

Andrew Winfrey who was assessed the TFRP along with his father submitted a CDP request which I was also handling. As part of that matter and in connection with this case, Andrew was supposed to submit large payment by June 21, 2006 that would hopefully full pay his TFRP liability and then allow the corporation to submit an OIC for the balance. But I did not receive any payment. I called POA Merriam He said that the taxpayer is having trouble getting loan a commitment from the bank, but he did not specify any details. He said that there are all sorts of problems. On the related corporate matter, he said that RO Korb issued additional levies on the nominee/Reliance; this probably means that he will have to proceed with the wrongful levy suit. I asked him if I should then just proceed and issue the Notice of Determination for both Andrew and WAC? He asked me to hold off on this action until June 30, 2006 until the taxpayer can find out about the loan application. I agreed.

I called POA Merriam on July 18, 2006 to inquire about the full pay by Andrew. He said that option is now dead because RO Korb has continued to levy on WAC and the nominee for non CDP periods. This action has effectively killed any loan attempt by the taxpayer. He said that he has proceeded with the wrongful levy suit and that I should just proceed with the issuance of the NOD for both Andrew and WAC.

Winfrey Architectual Concrete, Inc.
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

## APPEALS DETERMINATION AND BALANCING

Appeals is required to determine whether the proposed collection action balances the need for the efficient collection of the tax liabilities with the legitimate concern that any collection action taken be no more intrusive than necessary.

I recommend sustaining the proposed levy action based in part on the POA's request that the NOD be issued since he is proceeding with the wrongful levy action suit.