**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.  06-cv-01896-JLK

WINFREY ARCHITECTURAL CONCRETE, INC.,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

---

**ANSWER**

---

The United States of America (the "United States"), by and through its undersigned attorneys, hereby responds to the numbered allegations of plaintiff's complaint as follows:

1.      The United States admits the allegations contained in paragraph one.

2.      The United States denies the allegations contained in paragraph two for lack of knowledge or information sufficient to form a belief as to the truth of such allegations.

3.      The United States admits the allegations contained in paragraph three.

4.      The United States admits the allegations contained in paragraph four.

5.      The United States admits the allegations contained in paragraph five.

6.      The United States admits that the plaintiff has outstanding employment tax liabilities from Internal Revenue Service ("IRS") Forms 941 for the three-month periods

ended December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, March 31, 2004, June 30, 2004, September 30, 2004, and December 31, 2004; the United States admits that the plaintiff has outstanding unemployment tax liabilities from IRS Forms 940 for the years ended December 31, 2002, December 31, 2003, and December 31, 2004; the United States admits that liabilities for the periods described above include interest and penalties; the United States denies the remaining allegations contained in paragraph six.

      7.     The United States admits the allegations contained in paragraph seven.

      8.     The United States admits the allegations contained in paragraph eight.

      9.     The United States admits the allegations contained in paragraph nine.

      10.    The United States admits the allegations contained in paragraph 10.

      11.    The United States admits the allegations contained in paragraph 11.

      12.    The United States admits the allegations contained in paragraph 12.

      13.    The United States admits that the IRS Appeals Officer suggested to plaintiff's counsel that he consider a discharge of the equipment; the United States denies that such equipment had been sold to another entity.  The United States denies the remaining allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of such allegations.

      14.    The United States admits the allegations contained in the first sentence of paragraph 14.  The United States admits that Exhibit A of the complaint contains the quoted language referenced in the second sentence of paragraph 14.  The United States denies any remaining allegations contained in paragraph 14.

15. The United States denies the allegations contained in paragraph 15, but avers that the IRS Appeals Officer was of the opinion that the discharge might not be the total solution to the matter.

16. The United States denies the allegations contained in paragraph 16. The United States avers that Exhibit A of the complaint contains the statement, "This action has effectively killed any loan attempt by the taxpayer;" the United States further avers that such statement is the memorialization of a statement made by plaintiff's counsel and not an admission by the IRS Appeals Officer.

17. The United States denies the allegations contained in paragraph 17.

18. The United States admits, generally, the allegations contained in the first sentence of paragraph 18, but avers that the plaintiff has misquoted the cited statute. The United States denies the allegations contained in the second sentence of paragraph 18.

19. The United States denies the allegations contained in paragraph 19.

20. The United States denies any and all allegations of the complaint not specifically addressed above.

WHEREFORE, the United States prays for judgment in its favor against the plaintiff as follows:

A. That the court deny the relief requested in the complaint and dismiss this case with prejudice;

B. That the United States be awarded its attorneys' fees and costs incurred in this proceeding; and

C. That the United States be awarded such other relief as the court deems just and proper.

DATED this 21st day of November, 2006.    Respectfully submitted,

TROY A. EID
United States Attorney

MARK PESTAL
Assistant United States Attorney


 s/ Chad D. Nardiello
CHAD D. NARDIELLO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 514-6632
Facsimile:    (202) 307-0054
Email: Chad.D.Nardiello@usdoj.gov

Attorneys for United States

**CERTIFICATE OF SERVICE**

I hereby certify that I have made service of the foregoing ANSWER upon the parties hereto by depositing in the United States mail on the 21st day of November, 2006, a true copy thereof, enclosed in an envelope with postage thereon, addressed to:

WINFREY ARCHITECTURAL CONCRETE, INC.
c/o Theodore (Ted) H. Merriam
Merriam Law Firm, P.C.
1625 Broadway, #770
Denver, CO 80202

 s/ Chad D. Nardiello
CHAD D. NARDIELLO
Trial Attorney, Tax Division
U.S. Department of Justice