IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01896-AP

Winfrey Architectural Concrete, Inc.,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

**JOINT STATEMENT REGARDING ISSUES**

This is an action to appeal the Notice of Determination Concerning [IRS] Collection Action(s) ("Notice of Determination" and/or "NOD") issued by the Rocky Mountain Appeals Office of the Internal Revenue Service ("IRS") on August 22, 2006. The Plaintiff, Winfrey Architectural Concrete, Inc. ("WAC"), is a Colorado corporation. The United States of America is the Defendant ("United States"), by and through the actions of its agency, the Internal Revenue Service.

The issue to be determined by this Court is whether the Appeals Settlement Officer abused his discretion in conducting the Collection Due Process hearing and arriving at his

determination to sustain the IRS Revenue Officer's levy action against Plaintiff.

Winfrey Architectural Concrete, Inc. became delinquent in Form 941 employment taxes and Form 940 unemployment taxes for multiple periods. The Notice of Determination addressed IRS enforced collection of the specific Form 941 periods ending 12/31/02, 3/31/03, 6/30/03, 9/30/03, 3/31/04, 6/30/04, 9/30/04 and 12/31/04, and Forms 940 for 2002, 2003 and 2004. The IRS Revenue Officer took the position that IRS should take levy action. The Plaintiff timely filed an IRS appeal of this proposed collection action, in hopes of identifying a less intrusive collection alternative.

The result of the appeals hearing was the issuance of the Notice of Determination on August 22, 2006. The Notice of Determination was issued at the request of Plaintiff's counsel. The Notice of Determination signifies the exhaustion of administrative remedies available to the Plaintiff and this appeal was timely filed with this Court, perfecting the appeal.

This appeal is not related to any other case before this Court.

- 2 -

2075499.1

The Plaintiff is claiming that the Appeals Settlement Officer was not impartial and abused his discretion when issuing the Notice of Determination.  The Plaintiff further claims that as a result, the Notice of Determination is statutorily defective.

The United States asserts that the Appeals Settlement Officer did not abuse his discretion, properly conducted the hearing and issued a proper Notice of Determination.  The United States also asserts that certain of the tax liabilities at issue in this proceeding have been outstanding for almost four years. Plaintiff has failed to take appropriate action to correct this issue.  Plaintiff is now a defunct corporation and is no longer in business.  The United States further asserts, the Appeals Settlement Officer properly conferred with the IRS Revenue Officer with respect to the resolution proposed by Plaintiff's counsel because such resolution would have affected tax periods upon which the IRS Revenue Officer was collecting and which were not included in this Collection Due Process proceeding.  The United States further asserts that the proposed resolution by Plaintiff's counsel would not have been adequate to fully resolve the periods included in the Collection Due Process

2075499.1

hearing, as evidenced by the Notice of Determination. In addition, Plaintiff's counsel used the hearing before the Appeals Settlement Officer to make arguments on behalf of Reliance Precast, LLC, which the IRS has taken collection action against as the nominee and/or alter ego of the Plaintiff. Plaintiff's counsel previously filed suit on behalf of Reliance Precast, LLC to challenge the nominee and/or alter ego status designated by the IRS. Plaintiff's counsel subsequently stipulated to a dismissal of such case with prejudice. Finally, it was only after Plaintiff's counsel requested as much that the Appeals Settlement Officer issued the Notice of Determination. As quoted in the Notice of Determination, the Appeals Settlement Officer stated, "I recommend sustaining the proposed levy action based in part on POA's [Plaintiff's counsel] request that the NOD be issued since he is proceeding with the wrongful levy action suit."

The record, and thereby the evidence will consist of the administrative record as well as communications between the IRS and Plaintiff's representatives.

The parties are engaged in ongoing discussions in hopes of

- 4 -

finding a resolution to this matter.

Dated: December 7, 2006

        By: <u>s/Ted H. Merriam</u>
           Ted H. Merriam

           Merriam Law Firm, P.C.
           1625 Broadway, Suite 770
           Denver, Colorado 80202
           Telephone: (303) 592-5404
           Email: tmerriam@taxlaw2848.com

           Attorneys for the Plaintiff

  AND

        By: <u>s/Chad D. Nardiello</u>
           Chad D. Nardiello
           Trial Attorneys, Tax Division
           U.S. Department of Justice
           P.O. Box 683
           Ben Franklin Station
           Washington, D.C. 20044-0683
           Telephone: (202) 514-6632
           Email: <u>Chad.D.Nardiello@usdoj.gov</u>

           Attorney for United States